UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIA REYNA GUZMAN HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:24-cv-01455-JPH-MJD |
| | ) |
| MELISSA JONES, | ) |
| MIKE, | ) |
| FIRST WATCH RESTAURANT, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

### I.  Granting *in forma pauperis* status

Ms. Hernandez's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [2]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Ms. Hernandez to proceed without prepaying the filing fee, she remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees."). No payment is due at this time.

**A. Screening standard**

The Court has the inherent authority to screen Ms. Hernandez's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a complaint that fail to state a claim upon which relief may be granted.

1

*See id.*  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

**B. The Complaint**

Ms. Hernandez alleges that in October 2022, she worked for First Watch Restaurant, Inc.  Dkt. 1 at 4.  Ms. Hernandez is suing First Watch and two of its managers, Melissa Jones and "Mike," alleging racial and age discrimination.  *Id.* at 3–5.  She alleges that, on October 28, 2022, Ms. Jones told Ms. Hernandez to stop her work, pushed her, and told Ms. Hernandez that she would finish the work.  *Id.* at 5.  Ms. Hernandez alleges that, at other times, Ms. Jones pushed her and grabbed a mop from her, snapped her fingers at her, accused her of stealing, asked her to complete multiple job-related tasks at the same time, and "tried to snatch" a plate of food from her while telling her to "hurry back" from a break.  *Id.*  She further alleges that, in July 2023, Ms. Jones did not allow Ms. Hernandez to "go to the hospital until Mike was called"

after Ms. Hernandez "slipped and hurt [her] shoulder." *Id.* Finally, she alleges that her "pay was also decreased by $1 without notice." *Id.* Her claims of race and age discrimination arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

### C. Statute of Limitations

Under both Title VII's and the ADEA's statute of limitations, "a civil action may be brought against the respondent named in the charge" within ninety days of the plaintiff receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) ("This court held that [Title VII's] 90–day period begins to run when the claimant receives actual notice of her right to sue."). In certain circumstances, the limitations period for employment-discrimination claims may be equitably tolled. *See, e.g., Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Equitable tolling may be appropriate if a claimant received inadequate notice; if a motion for appointment of counsel is pending; if "the court led the plaintiff to believe that she had done everything required of her"; or if a defendant's affirmative misconduct "lulled the plaintiff into inaction." *Id.*

Claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, Ms. Hernandez alleges that she received a Notice of

Right to Sue letter from the EEOC on May 8, 2024.  Dkt. 1 at 6.  Ms. Hernandez filed her complaint on August 27, 2024, which is 111 days after she received the Notice of Right to Sue letter.  *Id.* at 7.  Therefore, it appears from the face of the complaint that the ninety-day statute of limitations has run on Ms. Hernandez's Title VII and ADEA claims, and she has not alleged facts that would support equitable tolling.  The complaint is therefore dismissed based on the statute of limitations.

### D. Claims Against First Watch

Title VII makes it unlawful for employers to "discharge any individual, or otherwise to discriminate against any individual" because of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1).  To plead a Title VII claim, Ms. Hernandez must allege "(1) who discriminated against her; (2) the type of discrimination that occurred; and (3) when the discrimination took place."  *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Here, although Ms. Hernandez checked the race discrimination box on the form complaint, she does not explain how Defendants' actions were related to her race.  Dkt. 1.

Similarly, the ADEA makes it unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual" because of age.  29 U.S.C. § 623(a)(1).  But while Ms. Hernandez checked the age discrimination box on the form complaint, she does not explain how Defendants' actions were related to her age.  Dkt. 1.

4

### E. Claims Against Melissa Jones and Mike

Ms. Hernandez also alleges her Title VII and ADEA claims against First Watch managers Melissa Jones and "Mike." Dkt. 1 at 3. But Title VII and the ADEA do not authorize claims against supervisors in their individual capacity based on allegations of discriminatory conduct in the course of their employment. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) ("Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) (declining to decide whether the ADEA permits individual liability but explaining that "[b]ecause the relevant language in the ADA and ADEA are identical, it is likely that [defendant], as an individual, could not be liable under the ADEA."). Ms. Hernandez therefore cannot proceed on her claims against Ms. Jones or Mike in their individual capacity.

### III. Conclusion

Ms. Hernandez's complaint therefore must be dismissed for the reasons in this order. She shall have **through October 4, 2024** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of her claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended

5

complaint is filed, the original complaint drops out of the picture.").  The **clerk is directed** to send a form complaint with Ms. Hernandez's copy of the order.

**SO ORDERED**.

Date: 9/3/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARIA REYNA GUZMAN HERNANDEZ
4402 Burrwood Dr.
Indianapolis, IN 46235

6