UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARIA REYNA GUZMAN HERNANDEZ,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MELISSA JONES,  )<br>MIKE,  )<br>FIRST WATCH RESTAURANT, INC.,  )<br>)<br>Defendants.  ) | No. 1:24-cv-01455-JPH-MJD |

**ORDER DISMISSING CASE AND
DIRECTING ENTRY OF FINAL JUDGMENT**

On September 3, 2024, the Court screened Ms. Guzman Hernandez's complaint and gave her until October 4, 2024 to show cause why her complaint, alleging race and age discrimination against her former employer and managers, should not be dismissed on statute of limitation grounds, among other reasons. Dkt. 5; *see Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (courts should consider statute of limitations at screening). Ms. Guzman Hernandez responded by filing an amended complaint. Dkt. 7. However, she has not alleged facts to show that her claim satisfies the statute of limitations.

Under both Title VII's and the ADEA's statute of limitations, "a civil action may be brought against the respondent named in the charge" within ninety days of the plaintiff receiving the EEOC's right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see also Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) ("This court held that [Title VII's] 90–day period

1

begins to run when the claimant receives actual notice of her right to sue."). In certain circumstances, the limitations period for employment-discrimination claims may be equitably tolled. *See, e.g., Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Equitable tolling may be appropriate if a claimant received inadequate notice; if a motion for appointment of counsel is pending; if "the court led the plaintiff to believe that she had done everything required of her"; or if a defendant's affirmative misconduct "lulled the plaintiff into inaction." *Id.*

Here, Ms. Guzman Hernandez alleges in her amended complaint that she received a Notice of Right to Sue letter from the EEOC on May 8, 2024. Dkt. 7 at 6. Ms. Guzman Hernandez filed her original complaint on August 27, 2024, which is 111 days after she received the Notice of Right to Sue letter. Dkt. 1 at 7. Ms. Guzman Hernandez also has not alleged facts in her amended complaint to show that the doctrine of equitable tolling applies to her here. Therefore, it appears from the face of her amended complaint that the ninety-day statute of limitations has run on Ms. Guzman Hernandez's Title VII and ADEA claims, and she has not alleged facts that would support equitable tolling.

The amended complaint is **DISMISSED with prejudice**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 10/4/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARIA REYNA GUZMAN HERNANDEZ
4402 Burrwood Dr.
Indianapolis, IN 46235